in his official capacity as Director of FDIC and Federal Deposit Insurance Corporation. Ms. Lichtenstein for the appellant, Ms. Lyons for the appellees. Good morning, and may it please the Court. Alexandra Lichtenstein for Appellant John Doe. The District Court abused its discretion in denying Dr. Doe's motion to proceed under a section On factor one of the test, it failed to account for the particularly heightened interest an individual has in a criminal record that has been pardoned and sealed and removed from the public record. On factor four of the test, it departed both from the way that factor has long been understood as focusing on reputational harm to the defendant and from this court's reasoning in its 2020 in-ray sealed case decision, which focused on the importance of a plaintiff's identity to understanding individualized government determinations. Instead, the District Court read this court's in-ray sealed case decision to establish a decisively heightened public interest in suits like the one here, which raised purely legal issues about the constitutionality of a statute. And in evaluating the public interest, the District Court further failed to consider whether a pseudonym would actually impair the public's ability to understand the case. Because it does not, and because he has an especially strong privacy interest, the District Court abused its discretion in denying Dr. Doe's motion to proceed under a pseudonym. First, the court failed to acknowledge the nature of So as you've already said, the standard of review here is abuse of discretion. But from what I can see, you only cite one District Court case in which someone with a sealed conviction was allowed to proceed with a pseudonym. Your Honor, I believe there are a few different cases in which courts in other circuits have allowed individuals with expunged convictions to proceed under a pseudonym. So there is an example, Doe's 1-8B Sturdivant. I believe that's from Louisiana. There's also a case from Ohio. So there are many situations in which courts have acknowledged that there is a particularly heightened privacy interest in criminal history information that's sealed. It does seem, though, that the privacy interests that we usually are focused on are different. They're about sexual crimes or related to personal matters like that. So how is this similar to the sort of the heartland of those cases? This sort of information falls exactly within the heartland of that sort of information. So as we explained in our briefing, those sorts of bits of information are categorized as particularly sensitive because they are highly stigmatic and would otherwise not be known to the public. The difference here is that they wouldn't otherwise be known to the public, where as here, the fact of a criminal conviction is because we have, thankfully, public and open information. The fact that we grant a pardon is itself a matter of public governmental record. There was newspaper coverage because we have a free press in this country that can cover criminal prosecutions. So this is very different. This is much more like Microsoft. And we said we're looking to whether something has previously been subject to public exposure. And the examples that Judge Rao gave are things that are not, are traditionally kept intimate and secret. Whereas here, the difference is even though it's later sealed expunge, it has been a matter of public record. And the decision to seal expunge itself is a matter of public record. And so we have to find a privacy interest here now, not just because something is stigmatic, but because it has some inherent claim to being private. And it's hard to do that with criminal conviction matters. I think there are two answers to that, Your Honor. The first is that that's true in many circumstances, but it's not true in the circumstances of this case. So Dr. Doe had his record pardoned and sealed. It has faded. The governor's decision to make that pardon was a matter of public record and is a matter of Ohio governmental record. So in Ohio, a decision to pardon is itself sealed. And Dr. Doe has made significant efforts over the years to ensure that information about his convictions. I'm sorry, was it not a matter of public record when the governor granted the decision to seal? The governor's secretly deciding? The governor is not secretly deciding, but records relating to the pardon under Ohio law are then themselves sealed. After the decision is made. After the decision is disclosed to the public. That's true. OK, so it was made a matter of public record. And in this day and age, once a matter of public record, always a matter of public record. That may be true for many people, but it is simply not true for Dr. Doe. So as he wrote in his declaration, he has invested significance. I'm just saying that after the fact. But again, we're talking about facts here. Normally, someone's sexual history, medical history has never been a matter of public record. So I think you're in a very different position here where for very salutary reasons, both the criminal conviction and the fact that a governor has decided to pardon slash seal a record are both matters of public record. So again, Your Honor, I would push back that those are still available to the public. Certainly. And so I think that would take me to the second example. Sure. So this the second response to your honor's question is that criminal history information has long been recognized by the Supreme Court and by this court as information in which there is a significant privacy interest, even though that information is true and may be a matter of public record or have one time been a matter of public record. So in reporters committee, the Supreme Court made clear that an individual has a significant privacy interest in his criminal history information and that that interest is all the stronger when the passage of time or their efforts to maintain privacy have rendered that information inaccessible. That was a statement about compiled rap sheets that back at the time made could only be put together through extraordinary effort. And so the reality of their existence in the world was itself essentially secret because it was so much work to try to compile rap sheets. It wasn't the fact of a single conviction, let alone a proceeding by a state governor. It was an issue there. I think the Supreme Court's language is a bit broader, Your Honor, and they did acknowledge that there is a significant privacy interest in one's criminal history. But in this court's decision in ACLU-1, which did not focus on these sort of compiled rap sheets, but instead on the fact of conviction, this court recognized that there is a individual interest, a privacy interest in the sensitive information surrounding a conviction. And in ACLU-2, recognized that that interest is all the higher when it would unwarrantedly associate an individual with a criminal history. Your unwarrantedly adverb that you used there also seems relevant to this case because what do we do if the identity of the person and the thing that they wish to keep sealed, their association with criminal activity seems actually quite pertinent to the public interest of understanding the nature of the litigation. This is an effort to invalidate an act of Congress passed by both houses, signed into law by a president of the United States. And one person now wants to declare facially for everybody that the statute that says the FDIC cannot hire people with felony records is unlawful. Doesn't the public have an interest in knowing in a way they may not in other cases what it is and what the relevant criminal activity is of the person who's bringing that challenge? So as the Ninth Circuit recognized in Doe's 1-23, there's kind of a two-step inquiry about the public interest. The first is whether the public might be interested in knowing the outcome of the case, that it's a matter of widespread public importance. But the second, which the Disher court failed to consider at all, is whether the public interest would be impaired. That is, whether the public would be unable to understand or follow the case simply because the plaintiff is using a pseudonym. And here, that's simply not true. The plaintiff's name is a very minor piece of information. It is not... He wants to say, and we're not getting to the merits, maybe he's right, maybe he's wrong, but he wants to say that it's unlawful across the board for Congress and the President to have decided the FDIC should not hire people with felony records. And it might make a big difference to the public's understanding of that to know, and this is all hypothesizing, but if the person bringing the lawsuit had a history of bank fraud. That would really factor into their case, as opposed to maybe a history of littering. Or had a history of violent behavior. For a facial attack, all of this is relevant. And so it seems to me, you might say the name doesn't matter, but knowing the name of the person and the conviction that person did and their history, knowing something about them, may have more relevance here than it would in other cases. Would it not? So, Your Honor, I don't think that that is true for several reasons. The first is that that's not relevant to the merits of Dr. Doe's claim. Why is he appreciating who these felons are that he says should be hired? Should not be barred from being hired. Are, and what they've done. Why isn't that relevant? So the question that is brought by Dr. Doe's merits case is whether there is any rational basis for a flat categorical bar on any individual with any felony working at the FDIC. But under a facial challenge, if the government can identify one instance in which it would be a rational application of the rule, then the facial challenge fails. And so understanding who the plaintiff is, what their motivations might be, allowing the public to decide what their motivations might be, what that person's history is, seems much more relevant than it does in many other cases. And so it's how do we factor that into the nature of the balancing analysis? That public interest. So, Your Honor, the government is free to raise those arguments at the merits stage. But in looking at whether the plaintiff should be allowed to proceed under public interest and understand, you said, an unwarranted public interest. And I'm pushing on that. Sure. So what courts have consistently held? And in fact, this court held in in Ray Seald case to the 2020 decision is that the public's interest is in being able to understand and follow the case and to understand how this court's opinion might apply to others going forward. So as so in somebody who wants to accept themselves from the rules that govern everybody else. And here he wants to accept himself and everybody in the felon status class from the from a rule that Congress adopted. So, Your Honor, I think that's actually quite different than the sort of exception being discussed in in Ray Seald case to hear Dr. Joe is bringing a challenge to the constitutionality of a statue. And that challenge would apply equally to everyone affected by the statue, you know, to say, depending on how he's also he's also bringing one would very much be a singular exception, just like an in Ray Seald case, too. But it doesn't turn on any factual issues. Back to where we were in case two, which is his as applied challenges challenge that seeks an individualized exception for him from a general federal requirement. And as applied challenge would, based on the facts that are already in the record, challenge the law as applied to him. But that would be, again, a purely legal question. There aren't issues of credibility that might come up. There aren't disputed factual issues. And as this court held in in Ray Seald case to have a you get to proceed pseudonymously if you're only raising legal questions. So the Second Circuit in sealed plaintiff sealed defendant held that there is an atypically weak public interest when that may be what the Second Circuit held. But someone's trying to invalidate either facially or as applied a federal statute. In this case, and particularly if they're thinking a singularized exception for themselves. I don't know how you get out of sealed case to that fact. Your Honor, I think that when you read in in Ray Seald case to in context, it was referring to a petition for review from an individualized agency adjudication in which the government was acting as a regulator. And the challenge to the law was bringing was the framework for exceptions for which the public didn't have a real interest in knowing the plaintiff's identity. It might have been relevant to the plaintiff's market share to competitors who might want to know how exceptions might apply to them moving forward. But here we have a purely legal question. Dr. Doe is bringing a challenge to the constitutionality of a statute, and it doesn't aid the public interest in understanding whether or not that statute is constitutional to know his identity. And in fact, is, as we pointed out in our briefing, there is a public interest in having the constitutionality of laws challenged and in impressing laws to ensure that they are constitutional and in ensuring that when the only class of plaintiffs able to bring that sort of challenge are those who seems to be no shortage of people in this country who are willing to bring constitutional challenges to statutes in their own name. That's certainly true. I don't think we need to have a secrecy policy just to encourage policing of the constitutionality of federal laws. It's not simply to encourage that, Your Honor. But but as courts have held when the defendant class of individuals able to bring those sorts of challenge are subject to stigmatization and are part of a disfavored minority, there's a heightened public interest in ensuring that those individuals are not deterred from bringing that sort of challenge. And that's the situation that we have here with Dr. Doe, who has, again, particularly heightened privacy interests in a criminal history that no longer exists as a matter of Ohio law. The criminal information was pardoned, it was sealed, and it is no longer part of the public record. By the time he applied to the FDIC in 2022, Ohio law allowed an employer to ask him about this very criminal conviction and for him to answer honestly. So Ohio law in 2022 would have kept that information secret. It allowed an employer to ask and he had to answer. So it did not say in 2022, you have a privacy interest in telling the employer, no, no convictions. Change that later. But in 2022, when the FDIC, he applied to the FDIC, the law was that he didn't even have a right to keep the secret from an employer who asked. So in in 2022, Your Honor, under Ohio law, this conviction was treated not to have occurred. And so I do think Dr. Doe would be within his rights not to affirmatively offer that information to the employer or not to check. Yes, they changed it in 2023. They changed the law in 2023. But in 2022, employers were allowed to ask. So but Dr. Doe didn't have to affirmatively offer that information and where he offers a very different thing. I'm saying, again, for the level of the privacy interest here. But the employer would have to ask very specifically whether he had a conviction that was pardoned and or sealed if the if the employer simply. You have a case that says that at that time, that's what they meant when they said it was still OK for employers. Yes. I'm not familiar with an Ohio Supreme Court case from that time. I'll take a lower court Ohio case. I don't know any off the top of my head, Your Honor. We don't know that. In fact, they'd have to ask a specific question. We don't know that at the time they couldn't say, tell us if you have any felony convictions. What I do know is that as a matter of statute, Ohio law said that those convictions are treated not to have occurred. And exceptions mostly limited to the law enforcement context. So if he were convicted of an additional crime or for the purposes of a background check for firearms permit, for example. But the FDIC was hiring him for purpose of its investigatory arm that looks into violations of banking laws. Would he be required to provide that information? Would be OK for them to ask. So FDIC is obviously not governed by Ohio law and it's hiring in D.C. Ohio law wouldn't even treat it as. As something he's entitled not to disclose. Ohio law does treat his conviction as for law enforcement investigatory purposes. So my understanding is that it's for very limited purposes around sentencing after an additional conviction or very narrow law enforcement positions. And I've asked if FDIC was hiring him for a law enforcement position within maybe civil law enforcement within FDIC. Sure. So FDIC would be able to have a facial challenge here. So sure. And that might go to the merits of Dr. Joe's claim. But I don't think it undermines the serious privacy interest he does have in this information in granting a sealing of the record. It draws into serious question how private that interest is. If Ohio law is leaking around the edges here and allowing making it perfectly permissible and requiring him to honestly answer that his answer that it never happened doesn't work is not allowed. He has to acknowledge it happened in certain law enforcement hiring context and other law enforcement context. And it was OK for employers to ask the question, at which point he must give an honest answer if he wants to be employed. So you have a leak around this privacy interest. So, Your Honor, I think it's important to recognize that this privacy interest is not a binary. It's a spectrum. The fact that Dr. Joe may have been required to reveal this information to a few select individuals is a much more minor infringement on his privacy right than linking his name in the caption of this case such that it's available to anyone who would do a Web search for his name. And the fact that he has kept that information out of the public eye, out of being linked to his name, that as he wrote in his declaration, almost no one in his life is aware of his previous convictions, that all goes to the strength of his privacy interest and to the degree to which it really has been kept confidential. The fact that your position, not just that Ohio law is what defines or sort of identifies a privacy interest here, but it's Ohio law plus his efforts. That's correct. Your Honor. So I had someone who had their conviction sealed just like he did by the governor of Ohio. But this was a poor person who didn't have the resources to take all the steps that Dr. Doe has done here to kind of layer on secrecy over his prior conviction. That person might not be in the same place and would not be able to proceed pseudonymously. It may be true that the individual facts of a case and the extent to which that information is public would affect the degree of privacy and sensitivity of that information. I don't think that is how difficult we would find it to be to write an opinion that would say those who have enough resources to invoke services that hide your information better are entitled to proceed synonymously. But those who are in equivalent legal position, but don't have those financial resources differently. I don't think it's just a matter of financial resources. Your Honor. Dr. Doe has personally and individually invested significant amount of his time in hiding people who are poor, don't have time for that kind of stuff. It may be true, Your Honor, that different individuals are positioned differently to be able to keep this sort of information secret. But that is the kind of interest that the pseudonymity test weighs. The question under factor one is the degree to which this information is highly personal and sensitive. And as the Supreme Court explained in Reporters Committee, that degree of sensitivity does rest in part on how confidential that information has kept. It may be that the passage of inquiries sort of categorically across the board, how society views that information, like the examples Judge Rao gave, or are you saying it's a individualized inquiry to how secret the defendant has kept the information? I'm sorry, the would be plaintiff has kept the information. I think both inquiries are relevant to factor one, Your Honor. So what the factor distinguishes between is information that's highly sensitive and information that might cause mere criticism that might attend any litigation. And so relevant to the sensitivity is both the degree to which it has been kept highly private, but also the degree to which the public treats this as a matter of stigmatization. And in Dr. Doe's situation, that level of stigmatization is particularly high because it is unwarranted. He is no longer in the eyes of the law considered someone with a felony conviction. And so being put back in a position where he would be considered to be associated with criminal activity in an irreversible way would undermine a serious privacy interest and not just subject him to the normal sort of criticism that might accompany any litigation. Let me just be clear about sort of one sort of technical factual situation. The fact that his motion has been denied, if he decides to go forward, is he in a position where he can still have the record sealed before the merits judge? While all the information would be made public before the merits judge, that that he is concerned about would not be. I was thinking hypothetically of a situation where an anonymous person says for purposes of this litigation, I am willing to stipulate that I did one, two, and three. And let's suppose in my hypothetical, those are robbing banks. All right. But that was 20 years ago. Ohio has seen fit to grant me this other way of living my life, and I've taken advantage of it. And now I'm facing a situation where there is an absolute bar with no opportunity for me to present any extenuating circumstances. And that under this theory is unconstitutional. So, Your Honor, I think under the rules of the D.C. district courts, plaintiff seeking a motion to file under a pseudonym files the motion and any accompanying evidence in this case, a declaration under seal. So that information is private in the district court. But I'm thinking of the average case. It can be child cruelty. And the whole record is sealed. All right. But before the district court hearing the matter, or it could be a financial situation where all of the records involving the various companies and an antitrust cases. Financial records are all sealed. So the public doesn't know. And there are a lot of states that have laws that allow drug manufacturers, et cetera, to litigate. And we never know. Because the case is sealed and the drug manufacturer's name is never made public, even where there is an award against that manufacturer. So I'm trying to understand in this context, while the district court turned down this one avenue, does your client have these other avenues or are they simply not doable? I mean, he may not want to do them. I understand that. But I mean, they're not doable as a matter of law and procedure. So, Your Honor, a sealing is generally considered to be more invasive public closure than proceeding under a pseudonym. No question about it. So you lose the whole loaf of bread. My question is, can you get half a loaf? Can you get three quarters of a loaf? So in this case, simply keeping certain information confidential wouldn't protect the privacy interests that Dr. Doe is interested in protecting because his name would still be in the caption of the case. And given the nature of his claim to have standing, he would have to be someone with a felony conviction. No, but that's what I'm trying to understand about this whole procedure, because there are all kinds of rules that we have where parties are not named in the caption. All right. So I'm just trying to understand whether this is your last gas. I'm just not clear it is. Your Honor, I think outside of sealing the entire case, which, as I said, is is a higher bar and is not something Dr. Doe wants to do. He thinks it's important for the public to be able to follow and understand this litigation. We don't believe that there is any sealing or redaction that could keep the link between Dr. Doe and these previous convictions private. And I would note that that in rate in in Ray sealed case two, there was a confidentiality order. And so part of this court's consideration was that. Right, Your Honor. So so it was that there was information that that could be kept out of the public record and that the public had an interest in knowing other parts of the record. That's just not possible here for for the reasons I explained. Roger, do you have any more questions? And my only other thought I was thinking about this. They're all one of my colleagues suggested there are all kinds of other people who can attack the constitutionality of this statute. And I suppose for purposes of standing, you'd have to show what that. You you have these convictions on their public records. You want, nevertheless, to work for this federal agency and they have a bar, an absolute bar. And so this law. I'm just trying to think about how this pursues if it's not done through this process and it may be it just has to be brought by somebody who is not seeking the full fruits of the state action. When my hypothetical plaintiff is seeking to work for the federal government, I think your honor is right that given this nature of the standing here, this is a particular class of potential plaintiffs who are subject to the sorts of stigmatization that I described. And Dr. Doe is in a particularly unique position here as someone who does have these pardon and sealed past felony convictions and so is, as FDIC has argued, subject to the bar, but who has also applied for and received a job offer from FDIC. So so that positions him uniquely as a strong plaintiff. And I think demonstrates the unique privacy interests that he has here. Any more questions? Thank you very much. We'll give you some time for rebuttal. Good morning. May it please the court Jane Lyons from the US Attorney's Office on behalf of the Federal Deposit Insurance Corporation and a director named Jonathan McKernan. After reviewing the evidence, the plaintiff put in the record to attempt to meet the weighty burden this court has set for proceeding in a civil action under a pseudonym. The district court found that the plaintiff did not satisfy his burden under the applicable test. The district court's conclusion is a reasonable one. Within its discretion, in light of the requirement that parties be identified and a strong presumption favoring public access to judicial proceedings, particularly in cases brought against the government. In the context of claims challenging the constitutionality of a statute prohibiting the FDIC from employing convicted felons, neither the status of the conviction under Ohio law nor the level of obscurity DOE has achieved for the conviction in the Internet age are dispositive or worthy of what this court called a rare dispensation in In re sealed case. I'm going to ask you, is it your view that in this age in which we live, there is no such thing as privacy? No, your honor, there is still a zone of privacy. No, but somebody who wants to find out about me can just keep digging, regardless of all the court orders that may be out there that say I can proceed with litigation using a pseudonym. It is certainly more difficult to keep something as public as a felony conviction, a secret. For decades, the way that Dr. Doe has. These are state convictions, right? Yes, your honor. The federal government is saying the states. Sovereign states have no authority to erase their records in effect. And no, I'm just I'm just trying to understand that the federal interest is quite different. From or it's certainly separate from the state interest. I think that's the best way to put it. It's a separate a separate interest. And maybe the first the best place to start in thinking about this is that as this court recognized in the in re sealed case from 2020, that the doors are open as the starting point. And we generally require parties to a lawsuit to identify themselves to protect the public's legitimate interest in knowing all the facts involved, including the identities of the party. And so hypothetically, suppose I have. The disposition dispensation by Ohio. So that I don't have to tell you about my Ohio convictions. But under the district court's order and our opinions, the only thing I could do would be to change my name. No, your honor, but you would. Have to consider whether your paramount objective was to keep that that conviction secret or to try to obtain a benefit. Notwithstanding it. And that's really what this case is about. The first factor that the court has spent discussing this morning of the of the test has two buckets and the district court ruled Dr. Doe out of the first bucket, which sort of just leaves him by default in the second bucket. And the first bucket is for things that commonly involve issues such as sexual activities, reproductive rights, bodily autonomy, medical conditions and the identity of abused minors. Nothing in the record suggests anything remotely in those areas. You have an adverb in your sentence. Commonly, not exclusively. I respect that, your honor. This test is meant to not check boxes. It's meant to be applied contextually. But in that context, it is important to recognize that the public has a right to understand this litigation. And everyone with assets in a bank has interest in maintaining the integrity of the FDIC's workforce. The FDIC is an insurer of public bank deposits. It acts as a receiver for failed banks, and it is a regulator for banks. These vital roles in the operation of the statute that was enacted by Congress has been recognized this morning and signed by a president. And the vital roles in the operation of that statute should run to the public interest in this case high. And I recognize that Doe has some privacy interests, but they are not of the nature required under factor one to be recognized as needing secrecy. I would also note, in response to my friend on the other side, that he has also brought a related proceeding, which is what it's called, a related proceeding, not claiming to have done that in a Doe capacity. He's challenged the agency. So this is a selective secrecy that he is employing. In terms of the – I want to – He's brought another proceeding in his own name that reveals the fact that he has a felony conviction? Yes. It's an administrative proceeding, but that doesn't – that unleashes his control. Is that in your brief? It's in their brief. Okay. I'm not remembering this. I'm not – I can't tell you right off the second whether it's in mine. That administrative proceeding is a public proceeding in which he reveals that he has a felony conviction in his own name? It's not particularly public in the sense that it's an administrative proceeding, but an administrative proceeding can – Administrative proceedings are public. They are. They are, but they're rarely attended by the public. I'm not – I don't – Is that the sort of administrative proceeding that – from which he could seek judicial review? I'm not sure about that, but I am also not sure whether it could result in a published decision by a decision maker that is something that, say, you could obtain under the Freedom of Information Act. And let's talk about that because those are the cases to establish the privacy interest that my friend on the other side is relying on. The FOIA cases are a really different context that's being assessed for purposes of privacy interest because the interests in the FOIA that are being vindicated are what the government is up to, not what the plaintiff has been or was ever up to. So I think those cases are inapposite. Rule 10 of the Federal Rules of Civil Procedure is about what the plaintiff is up to and who is bringing the challenge. And here, where it's a challenge to a statute that has been on the books since 1950, it's important that the public have insight into who is trying to make an exception to this statute. The FDIC also can't hire people who've been through bankruptcy proceedings, and there are other agencies that have the felony bar in place as well. The FBI jumps to mind. Can I jump to your prong four, which they say is sort of a heads-you-win, tails-the-plaintiff-lose factor? Explain to me your understanding of that factor in light of our precedent. Okay, so I think the first thing to straighten out is that my friend on the other side has said that the district court didn't understand this factor and got the law wrong, and that is incorrect. District court clearly states on appendix page 35, it acknowledges that anonymous litigation is more acceptable when the defendant is a government body, and that recognizes that the government doesn't have the same kind of privacy interests that individuals have. So he recognized the law correctly, but he found that principle was superseded by the very heightened public interest here, because the plaintiff seeks to challenge the operation of a law that will impact not only the plaintiff, but also other parties going forward. Is that true for every lawsuit against the government? No, Your Honor. Let's take a typical employment discrimination case with a single plaintiff who's seeking relief, back pay, reinstatement, whatever. That only impacts the plaintiff, the resolution of the case by this court, one way or another. Are there any legal questions resolved in that case that's going to affect people in the future? Yes. There aren't a whole lot of cases, again, maybe this is an appeals court perspective, so maybe that's my problem, that come by that don't have some legal questions resolved in the process. And to the extent there's sort of a, I hate to use the phrase, but common law that's built up around factual determinations that sort of create what facts are enough to survive summary judgment, which ones aren't. In each particular case, that may seem individualized, but that builds sort of a body of law as to what it takes, for example, to avoid summary judgment. So it's hard to figure out what cases, particularly against a defendant like the government, do not affect other parties going forward. I think it's just more direct in this kind of a challenge, a constitutional challenge. This may be more in your face, but for purposes of your analysis of what the district court did here, and your arguments in your brief about Factor 4, it seems to me that you want a position under which if it's against a private defendant, that weighs against pseudonymity, and if it's against the government, that weighs against pseudonymity. Is that your reading of Factor 4? My reading of Factor 4 depends on the context in which the entire analysis is taking place. I want an analysis of Factor 4. I recognize that there could be other factors that might weigh in favor of pseudonymity, but I'm concerned about your reading, the government's proposed reading of Factor 4 in this case. To the extent that the government's brief is not as clear as it perhaps should be about the application of Factor 4, what is at issue this morning is the district court's application of Factor 4, which I think is correct. So you're disavowing any broader reading in your own brief, any broader argument in your own brief? Yes, I did not mean to broaden the Factor 4 analysis at all. But if it gets to whether the decision in the matter is going to have implications, and one doesn't know whether to allow someone to proceed under a pseudonym is decided right up front at the beginning of litigation, so it's a little hard to predict whether it's going to be a fact-specific case or it's going to have some legal issues that could affect people going forward. So I'm just not sure how yours or as you're describing the district court's reading of Factor 4 even works at the beginning stages of a case. You just can't tell from a complaint if there's going to be some important legal question that's going to be raised. Well, I think the general also constitutional requirement that the courts limit their exercise of jurisdiction to concrete controversies is part of this. I'm not making a standing argument here. I'm saying that you decide pseudonym stage at the beginning of a case before there's an answer, before there's a 12B6 motion. Yes. And a complaint asserts claims. It doesn't always say, by the way, here's a big, gnarly legal issue that you all are going to have to resolve in the course of deciding my case. That's not always known. That's true, but it's not always... So you can't apply the test as you propose to determine whether the decision is going to have implications for other parties. You can't do that at the front end. The district... Always, or maybe not even commonly. The chief judge is tasked with doing the best he can at the outset of the case in applying this test, and the parties are free to continue litigating it if DOE status is granted. There are opportunities farther into the litigation for another party to move to strike the DOE status and unmask, for lack of a better term, the plaintiff. But it's a law of the case for parties. It's a law of the case, I suppose, at that point. I know I've just seen cases where it is litigated later, or as Judge Rogers correctly pointed out, it becomes enmeshed with a similar analysis under the Hubbard factors for whether to seal parts of the record to correctly achieve the outcome of giving the public enough information about what the litigation is about and vindicating those important and compelling interests in open judicial proceedings. Would the privacy interests be any different in this case if he had been acquitted or investigated but not charged? If he had been investigated but not charged, I would say yes. The privacy interests would be different because one of the district court's main reasons... Might be even stronger. I'm just taking these one at a time as my brain reacts. If he were acquitted, I don't know. Now, if he's acquitted, he's not subject to this bar. So this case isn't happening in this case. One could imagine some other challenge where he doesn't want to reveal the fact, have you ever been arrested? Right. But... Have you ever been the subject of a criminal proceeding? Questions can get phrased differently by employers. Sure. And it's important to recognize, I think, that an employer or the federal government doing a background investigation is doing a different process than an open judicial proceeding in court. Those are just really different contexts. I'm asking you for the nature of the privacy interests. You think it would be a heightened privacy interest if they were acquitted or investigated but not charged? Yes, those would be higher privacy interests. Doesn't Ohio law effectively make his prior record the equivalent of acquitted or not charged? It's as if the criminal prosecution never happened? I don't think that the federal government is bound by, in terms of not asking the more specific questions about, have you ever... I'm asking for purposes of the privacy interests at stake. Yes. The question right now is just whether there's enough privacy interest to proceed under a pseudonym. Not the merits of the case. If he's interested in knowing this. It's only whether he should proceed under a pseudonym. And if the interest in privacy that he has is equivalent to that of someone who's acquitted or investigated but not charged, then I'm not sure why you're discounting his privacy interest. This test has not really ever been articulated, at least up to now, in terms of the magnitude of the privacy interest. It's really the nature of the privacy interest. I'm not saying magnitude. I don't know what your difference is between magnitude or nature. If it's parallel to, if it's tantamount to being acquitted or charged but not prosecuted, charges dropped, then how is this any different? For purposes of the nature of his privacy interest. Well, you would have to assess the nature of that privacy interest in the context of the legal challenge brought, which would be perhaps unrelated to the criminal activity. Again, asking you for these cases, you were saying up front that you didn't, you didn't think he didn't fit in the first bucket. And my understanding of your brief is you don't think that he carries a lot of weight and whatever you think the second bucket is under the first test. I'm asking you why it's not a heightened and reasonable privacy interest to recognize if we would do the same for someone having been acquitted. All I'm saying, let me see if I can attack this a different way and say it better. All I'm saying is that the district court reasonably found that the privacy interest that's being asserted in this case is not one of the ones that's been recognized to favor Dr. Doe with regard to factor one, not an exhaustive list. No, it's not. And if, and if we would recognize the privacy interest in acquittal, you were acquitted. You just shouldn't have this fact that you were arrested, investigated, hanging around your neck. And why is this different? Or do you agree that it's at the same level since it was sealed or in a case where it's expunged different words for it in Ohio? Yeah, Ohio law seems a little complicated. But why are these not on a parallel? Well, I think if an employer in Ohio could have asked Dr. Doe about his conviction when the FDIC was considering the matter, I think that's that's a good indicator that it's not such a private matter that it would rise to the level that that you're talking about for an acquittal. Also, all of these challenges and issues have to be addressed in the context of each case. And that's what the district court does, you know, with a mine run of cases. And it decides which of them are warrant and meet the weighty burden. I'm not convinced that there's it's impossible for Dr. Doe to meet the weighty burden, but I think the important point here is that he didn't on this record. Do you have any questions for my colleagues? No, thanks. Thank you very much. Did you want to do a one sentence wrap up or something? Please affirm. Thank you. All right. We'll give you two minutes. Thank you, Your Honor. Just a Lichtenstein. I apologize. Not a problem. Retain it in my head. Apologize. Not a problem. Just a few quick points, Your Honors. First, the related proceeding that was mentioned by my colleague was, in fact, not public. And Dr. Doe, as we mentioned in our briefing, filed a motion to seal that proceeding. But more importantly, I don't I believe it's still pending, Your Honor. So as of now, is it what is this proceeding? It's an EEOC proceeding. Your Honor. Is that a public record? My understanding is that those are presumptively private. Presumptively private. Okay. And so they couldn't be obtained through FOIA or anything? I don't believe they could be obtained through FOIA. But I know that they are not accessible to an average person just searching the Internet. What about an unaveraged person? I'm not sure what you mean by that. So I think that gets to my point, which is that the broader point here is the relevant fact is not whether anyone in the entire world might know this information about Dr. Doe, but whether the general public knows it, whether it's accessible to someone just searching his name. And that is the difference between any potential, you know, revelation to an employer or someone else who is an individual, rather than having his name be linked to this information in an irreversible way as part of this litigation. The second point I just want to make is that this court has recognized in MetLife that the background confidentiality regime of the state law is important to its evaluation of the strength of the privacy interest. And the district court failed to weigh that interest at all. It failed to acknowledge the background confidentiality regime set by Ohio in which the court determined that Doe's private interest outweighed the public's interest. It failed to acknowledge this court and the Supreme Court's precedence in finding that there's criminal history information that is private and presumptively sensitive. Suggesting that federal courts and applying this answering this procedural question have to credit or follow state law? Not at all, Your Honor. They're not bound in any way by Ohio's law, but this court has held that it's an important factor in assessing the background confidentiality regime because it's a determination by Ohio that Dr. Doe's privacy interests here outweigh any possible public interest. I don't know one way or the other, but imagine you have a state that is a real outlier and treats something with a heightened level of privacy that no other state accords any relevant level of privacy to. Wouldn't a court still have to? I think this court could take into account that it's an outlier, but there are comedy interests in recognizing the sensitivity with which Ohio has treated this information. The federal courts serve the entire country, not a single state.  So if there's no broad privacy interest, it's recognized. That's why I was trying to get with my sort of objective or individualized inquiry as to how private something is kept. The types of categories we've recognized before have been things that are sort of broadly by society recognized as very, very private and intimate forms of information and felony convictions just don't seem to fit that category. I think courts have recognized that criminal history information is exactly that sort of information. Courts have referred to an opprobrium approaching the program with which society treats criminal information and crediting other privacy concerns. But what I think is also important here is that the district court failed to consider any of this at all. And that was its abusive discretion. It didn't discount the Ohio confidentiality background. It didn't merely discount Dr. Doe's privacy interest in his pardoned and sealed convictions. It simply failed to address them. And as the Fourth Circuit has recognized in Doe v. SIDAR, a failure to account for the nature and strength of a plaintiff's privacy interest is an abusive discretion. Just one more clarification. Is your argument that the privacy interest here is in felony convictions or is it only in sealed felony convictions? Your Honor, our argument here kind of weaves all of these threads together. Dr. Doe has a privacy interest in criminal history information that has been pardoned, that has been sealed, and therefore, which is considered no longer to have occurred, and that has faded from the public view. So all of those factors together are what give him the particularly heightened privacy interest in this information. And that's unique to the circumstances of this case. Colleagues have no further questions? Thank you. We urge the court to reverse and allow Dr. Doe to proceed under a suit. Thank you very much. The case is submitted.
judges: Millett; Rao; Rogers